UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEONARD RICALLS,<br><br>            Plaintiff,<br><br>     v.<br><br>R. SMITH,<br><br>            Defendant. | No.  2:22-cv-2322 CKD P<br><br><br>ORDER |

      Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983.  Plaintiff has paid the filing fee.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Having conducted the required screening, the court finds that plaintiff's complaint must be dismissed.  The body of the complaint is blank.  Plaintiff utilized the court's form-complaint but did not fill it out.  Essentially, the complaint consists of only exhibits.  The court will grant plaintiff leave to file an amended complaint.  In his amended complaint, plaintiff cannot simply rely on exhibits in order to state a claim upon which he can proceed.  He must spell out his claim and provide supporting facts in the body of his complaint.  All necessary information must be included in the body of plaintiff's complaint.

More generally, if plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, in his amended complaint, plaintiff must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed.

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 25, 2023

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
rica2322.14